DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Scott, appeals from the judgment of the Lorain County Court of Common Pleas accepting his guilty plea and sentencing him to four years incarceration. This Court affirms.
 I. {¶ 2} On May 29, 2002, Appellant was indicted on one count of rape in violation of R.C. 2907.02(A)(1) and one count of gross sexual imposition in violation of R.C. 2907.05 (A)(4). On September 4, 2002, a supplemental indictment was filed charging Appellant with an additional count of rape. Appellant pled not guilty to all of the charges brought against him.
 {¶ 3} Appellant retained counsel to represent him in the matter. His initial trial counsel arranged for Appellant to take a private polygraph examination because Appellant maintained his innocence. Upon passing the examination, Appellant entered into a stipulation agreement that would permit the results of a polygraph test performed by the State of Ohio Bureau of Criminal Identification and Investigation to be admitted at trial. At this examination on May 23, 2003, Appellant was found to be deceptive regarding the charges brought against him.
 {¶ 4} On February 26, 2004, Appellant entered guilty pleas to all counts in the indictment pursuant to a plea agreement. The State agreed to recommend that Appellant be sentenced to four years incarceration for each count, the sentences to be served concurrently. Subsequent to his change of plea, Appellant retained new counsel. On April 27, 2004, Appellant filed a motion to withdraw his guilty plea. Appellant alleged in his motion that his prior counsel had failed to contact and interview the witnesses that Appellant had provided and had pressured Appellant into changing his plea. At a hearing on May 19, 2004, the trial court denied Appellant's motion to withdraw his guilty plea and sentenced him to four years incarceration for each count, the sentences to run concurrently. Appellant timely appealed, raising two assignments of error. As both of these assignments of error contend that the trial court erred in denying Appellant's motion to withdraw his guilty plea, this Court will address them together.
 II. Assignment of Error I
"The trial court abused its discretion in denying the defendant/appellant's motion to withdraw plea."
 Assignment of Error II
"The trial court abused its discretion by denying the defendant/appellant's motion to withdraw guilty plea without a complete and impartial hearing and without giving the motion full and fair consideration."
 {¶ 5} In both his first and second assignments of error, Appellant avers that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. This Court disagrees.
 {¶ 6} Crim.R. 32.1 governs the withdrawal of a guilty plea by providing as follows:
"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Crim.R. 32.1 itself does not provide guidelines for a trial court to use in ruling on a pre-sentence motion to withdraw a plea. While motions to withdraw guilty pleas made before sentencing should be freely and liberally granted, the decision of whether to grant those motions are still within the sound discretion of the trial court. State v. Xie (1991),62 Ohio St.3d 521, 526. Thus, this Court will not reverse the decision of the trial court absent an abuse of discretion. Id. at 527. Abuse of discretion connotes more than simply an error in judgment; the court must act in an unreasonable, arbitrary, or unconscionable manner. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} Upon filing his motion to withdraw his plea, Appellant bore the burden to supply a reasonable and legitimate basis for withdrawing the plea. State v. Dewille (Nov. 4, 1992), 9th Dist. No. 2101.
"This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw a guilty plea." State v. Van Dyke, 9th Dist. No. 02CA008204, 2003-Ohio-4788, at ¶ 11.
Additionally, the trial court must give full and fair consideration to the motion to withdraw plea. See State v.Peterseim (1980), 68 Ohio App.2d 211.
 {¶ 8} First, this Court addresses whether Appellant was represented by competent counsel in the trial court.[1] In his motion to withdraw his plea, Appellant notes that he "was represented by retained and experienced counsel." However, Appellant maintains that in the instant case, his counsel did not act in a competent fashion.
 {¶ 9} Appellant alleges that he provided the names of nine witnesses to his counsel that would aid in his defense and that his counsel failed to interview any of the witnesses. However, these allegations are not supported by any evidence in the record. On February 6, 2004, Appellant's counsel filed discovery in the matter listing the names of these nine individuals as witnesses. Other than Appellant's allegations, there is simply no evidence that Appellant's counsel was not prepared to go forward to trial.
 {¶ 10} Additionally, Appellant alleges that the record reflects that his trial counsel was not competent because he stipulated to the admission of the results of a State polygraph test. However, Appellant admits that this stipulation occurred only after Appellant passed a privately conducted polygraph examination. However, "[w]hen a defendant agrees to undergo a polygraph test, presumably he knows whether he is telling the truth and is willing to assume the risk of error. It is completely within his knowledge and control whether to make the decision." State v. Lascola (1988), 61 Ohio App.3d 228, 234. As such, we find no support for Appellant's claim that this stipulation demonstrates the lack of competence of his trial counsel and violated his right to due process. The choice to stipulate to the admission of the results of the examination was entirely within Appellant's control and there is no indication that he was pressured to do so by his counsel. As such, this Court finds that Appellant was represented by competent counsel at the trial level.
 {¶ 11} Subsequent to his Crim.R. 11 hearing, Appellant signed a written waiver of his rights. The written waiver strictly complied with the requirements of Crim.R. 11. Appellant was informed of the nature of the charges brought against him, the effect of his guilty plea, and the potential maximum penalty involved. In that waiver, Appellant indicated that no force or promises had been used to induce him to plead guilty. As such, the record does not support Appellant's allegations that his trial counsel pressured him into changing his plea. Accordingly, this Court concludes that Appellant was given a full hearing and adequately advised by the Court of his rights before entering his guilty plea.
 {¶ 12} Finally, we examine whether Appellant was provided a full hearing on his motion to withdraw his plea. A hearing on Appellant's motion was held on April 30, 2004. At that hearing, Appellant's new trial counsel was asked whether he wished to provide any information to the court that was not contained in his motion. Appellant's counsel responded that his factual and legal argument was fully contained in his motion. There is no evidence in the record that Appellant wished to present witnesses or discuss any matter that was not contained in his motion to the court. As such, this Court concludes that Appellant was given a full hearing on his motion to withdraw plea.
 {¶ 13} Further, the transcript of the hearing on Appellant's motion to withdraw plea indicates that the trial court was well aware of the contents of Appellant's motion. Given that Appellant did not provide any additional evidence at the hearing, this Court finds that the trial court gave full and fair consideration to Appellant's motion.
 {¶ 14} Based upon the above analysis, we cannot say that the trial court acted in an unreasonable, arbitrary, or unconscionable manner when it denied Appellant's motion to withdraw his guilty plea. Accordingly, Appellant's assignments of error are overruled.
 III. {¶ 15} Appellant's assignments of error are overruled and the judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Batchelder, J., concur.
[1] As noted, subsequent to his guilty plea, Appellant retained new counsel. This discussion deals only with his initial counsel.